Ken McCartney, #5-1335
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003-1364
Tel (307) 635-0555
Fax (307) 635-0585
Email: bnkrpcyrep@aol.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: ) | |
|     DENNIS MEYER DANZIK, ) | |
| ) | Case No. 19-20116 |
| ) | CHAPTER 7 |
|     Debtor. ) | |

**ATTORNEY'S DISCLOSURE OF COMPENSATION
PURSUANT TO RULE 2016(b)**

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named Debtor, and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with the bankruptcy case is $1,835.00.

2. $335.00 of the filing fee has been paid.

3. The source of the compensation paid, or to be paid, to me was the Debtor.

4. I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5. Generally, when this Firm receives a fixed-fee for a basic Chapter 7 bankruptcy filing, the services provided include meeting with the clients to review pre-prepared financial information, discussing options under the various chapters of Title 11, preparing, filing, and serving all required petitions, schedules, and disclosures, meeting with the clients and attending the §341 Meeting of Creditors, coordinating contact with the trustee, execution of necessary and advisable reaffirmation agreements, previously discussed redemption agreements, and necessary follow-up with persistent creditors. This Firm does not charge any additional fees for necessary activity in the base bankruptcy case and has no reluctance to continued necessary client contact in this regard.

In substantial compliance with B2030 (Form 2030) (12/15)

6. This Firm's basic Chapter 7 fixed-fee does not include indefinite client representation. The Firm will not charge post-petition debtor clients for any activity, nor expect to be paid by post-petition clients, for activities not covered by the fixed-fee agreement without first notifying the client in writing that a non-covered activity has come up in their case, being requested to provide non-covered services, or seeing the need to so act and having the clients, after notice, specifically request and agree to pay for such representation.

Specific examples of unanticipated post-petition activities, the cost of which are not covered by a fixed-fee agreement, include, but are not necessarily limited to:

a. The post-petition sale of real property.
b. Correcting or intervening on behalf of the client in the correction of errant credit reports or credit reporting agency problems.
c. Representation with respect to post-petition creditor claims.
d. This office charges separately to do Reaffirmation Agreements. This charge may be paid post-petition. If it is paid pre-petition the charge is disclosed here.
e. Domestic relations legal matters not anticipated at the time of the bankruptcy filing.
f. Criminal representation with respect to any claims, whether pre-petition or post-petition.
g. Most adversary proceedings commenced against the debtor client.
h. Discovery leading up to and §707 excess income motions by the U.S. Trustee.
i. Work-outs with non-dischargeable taxes or student loans where no adversary proceeding is anticipated by the debtor client.
j. Excessive client contact concerning issues thoroughly and repeatedly discussed in previous contacts.
k. Any abusive or threatening client contact directed towards any attorney or staff member of the Firm.
l. Representation in the presence of the intentional failure of the debtor client to disclose assets, disclose liabilities, or cooperate with the trustee.
m. Representation concerning lost banking privileges because of prior account abuse. Banks cooperatively maintain account abuse records to which they refer when an application for a new account is received by agencies such as *Checkrite*. The denial of account privileges is not a *credit* problem covered by bankruptcy. It is based upon prior account use. There may be an overdraft charge involved, which is discharged by bankruptcy, but that does not solve the use pattern this policy addresses. Many times, paying the charges will remove the black mark and make having a new account possible.

In substantial compliance with B2030 (Form 2030)  (12/15)

      n.      Dealing with an existing creditor paid outside the bankruptcy concerning an existing or petition arrearage catch-up.

DONE this 12th day of March, 2019.

        /s/ Ken McCartney
        KEN McCARTNEY, Bar No. 5-1335
        The Law Offices of Ken McCartney, P.C.
        P.O. Box 1364
        Cheyenne, WY 82003
        Tel (307) 635-0555
        Fax (307) 635-0585
        Email: bnkrpcyrep@aol.com

In substantial compliance with B2030 (Form 2030)  (12/15)