Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

Jeffrey M. Eilender (*pro hac vice to be submitted*)
Bradley J. Nash (*pro hac vice to be submitted*)
Joshua D. Wurtzel (*pro hac vice to be submitted*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
bnash@schlamstone.com
jwurtzel@schlamstone.com

Attorneys for Creditors CWT Canada II Limited Partnership
and Resource Recovery Corporation

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>xxx-xx-1786<br><br>Debtor. | Case No. 19-20116<br>Chapter 7 |

### MOTION FOR RELIEF FROM STAY TO PROCEED WITH INTERPLEADER ACTION NUNC PRO TUNC TO PETITION DATE AND NOTICE OF TIME TO OBJECT

Creditors CWT Canada II Limited Partnership ("CWT Canada") and Resource Recovery Corporation ("RRC") (the "CWT Parties") submit this *Motion for Relief from Stay to Proceed with Interpleader Action Nunc Pro Tunc to Petition Date and Notice of Time to Object* (the "Motion") and state as follows:

### BACKGROUND

1.On November 9, 2017, Wells Fargo Bank. N.A. ("Wells Fargo) filed an interpleader action in the District Court for the District of Arizona as case number 2:17 cv-04140-JJT (the "Interpleader Action").  The Interpleader Action was filed against Wyo Tech Investment Group, LLC ("Wyo Tech"), the CWT Parties, and Jean Noelting.  In the Interpleader Action, Wells Fargo sought to interplead with the Arizona court $546,282.55 from a Wells Fargo bank account in the name of Wyo Tech, in exchange for an order discharging Wells Fargo from any potential liability related to those funds.  The CWT Parties have asserted claims against the funds in the Wyo Tech account.

2.On December 6, 2017, Dennis Danzik ("Debtor") filed a Chapter 11 Voluntary Petition, starting Case No. 17-20934 (the "Chapter 11").

3.On February 7, 2018, Wyo Tech filed *Wyo Tech Investment Group, LLC's Application for Relief from the Automatic Stay with Notice of Time to Object*, *In re Danzik*, Case No. 17-20934, Doc. 57 (Bankr. D. Wyo. February 7, 2018) (hereinafter, "Wyo Tech's Motion for Relief from Stay").  In general, Wyo Tech's Motion for Relief from Stay asked the Court to lift the stay as to the Interpleader Action.  Wyo Tech noted that Debtor did not assert an interest in the funds at issue in the Interpleader Action, and stated that, even though the automatic stay likely did not apply, it sought relief from stay out of an abundance of action.  Wyo Tech's Motion for Relief from Stay at 4.

4.On February 20, 2018, Debtor filed *Debtor's Statement of No Opposition to Stay Relief as Requested by Wyo Tech*, *In re Danzik*, Bankr. No. 17-20934, Doc 59 (Bankr. D. Wyo. February 20, 2018) (hereinafter, "Debtor's Statement of No Opposition").  Debtor stated that he did not oppose Wyo Tech's Motion for Relief from stay because "Debtor and

the estate have absolutely no interest in the subject matter of the interpleader and have already made sworn statements to that effect." Debtor's Statement of No Opposition at 1.

5. On February 26, 2108 the CWT Parties filed *Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation's Limited Objection to Wyo Tech Investment Group, LLC's Application for Relief from the Automatic Stay*, *In re Danzik*, Bankr. No. 17-20934, Doc 61 (Bankr. D. Wyo February 26, 2018) (hereinafter, "CWT Parties' Limited Objection to Wyo Tech's Motion for Relief from Stay"). In the CWT Parties' Limited Objection to Wyo Tech's Motion for Relief from Stay, the CWT Parties stated that they did not oppose lifting the stay as to the Interpleader Action, but did object to the form of order that Wyo Tech proposed because it only allowed Wyo Tech, not all parties, to assert their rights in the Interpleader Action. *Id.* at 6.

6. On April 18, 2019, the Court held a hearing on Wyo Tech's Motion for Relief from Stay, granted the motion, and ruled that "all parties to the interpleader should be permitted to proceed with the Interpleader Action filed by Wells Fargo Bank, N.A., in the United States District Court for the District of Arizona as case number 2:17-cv-04140-JJT." *Order Modifying Stay*, *In re Danzik*, Bankr. No. 17–20934, Doc. 83 at 1 (Bankr. D. Wyo. April 18, 2019).

7. On February 6, 2019, the Court dismissed the Chapter 11 case. *See* Decision Memorandum on CWT's Motion to Dismiss, *In re Danzik*, Bankr. No. 17-20934, Doc. 201 (Bankr. D. Wyo. February 6, 2019).

8. On March 12, 2019, Debtor filed a Chapter 7 Voluntary Petition, starting this case. [Doc. 1.] Although Debtor's Chapter 11 case was pending within the last year and

was dismissed, Debtor's Chapter 7 petition presumably triggered an automatic stay for at least the first 30 days of the case. *See* 11 U.S.C. § 362(c)(3).

## AUTHORITY AND RELIEF REQUESTED

9. Bankruptcy Code § 362(d)(1) permits relief from the automatic stay, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Although cause is not defined . . . Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in nonbankruptcy forums." *In re United Imports, Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb. 1996) (citing legislative history); *see also Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citing legislative history). The legislative history of § 362 reveals that Congress intended "that one of the factors to consider when determining whether to modify the stay is whether to doing so would permit pending litigation involving the debtor to continue in a non-bankruptcy forum" as "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." H.R. Rep. No. 95-595, at 371 (1977), U.S. Code Cong. & Admin. News 1978 at 5963, 6297; S. Rep. No. 95-989 at 50 (1978), U.S. Code Cong. & Admin. News at 5787, 5836.

10. The Bankruptcy Code does not define the term "cause," leaving the courts to make "a discretionary determination [] on a case-by-case basis." *Carbaugh v. Carbaugh* (*In re Carbaugh*), 278 B.R. 512, 525 (10th Cir. BAP 2002) (citing *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987)). Moreover, the "term 'cause' is used by many courts as

{Z0263971/1}    4

a 'broad and flexible concept.'" *In re Mid-Atlantic Handling*, 304 B.R. 111, 129-30 (Bankr. D.N.J. 2003) (quoting *In re The Score Bd., Inc.*, 238 Br. 585, 593 (D.N.J. 1999)). Thus, a "Bankruptcy Court is granted wide discretion to determine whether to lift an automatic stay for cause." *Id.* "Significantly, the leave from the stay may be granted when it is necessary to permit litigation to be concluded in another forum, particularly if the non-bankruptcy suit involves multiple parties or is ready for trial." *Id.* (Internal quotation marks omitted) (emphasis added).

11.   In determining whether to modify or to lift the automatic stay, bankruptcy courts in the Tenth Circuit have applied the twelve-factor test set out in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). Of those factors, the primary factors here include: (1) Whether the relief will result in a partial or complete resolution of the issues; and, (2) The lack of any connection with or interference with the bankruptcy case. *See In re Project Orange Assocs., LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010) ("A court need only apply the factors that are relevant to the particular case, and does not need to give each factor equal weight.").

12.   Here, the Court has already heard the relevant issues and ruled on them in the Chapter 11 case. The fact that this is a Chapter 7 instead of a Chapter 11 does not change the facts, the analysis, or the parties' positions. Because the above two factors still apply and the parties' interests and positions have not changed, the Court should enter the proposed order attached hereto as **Exhibit A** and again lift the stay.

13.   Specifically, lifting the stay to allow all parties to assert their interests in the Interpleader Action will permit the complete resolution of the issues in the Interpleader

{Z0263971/1}                                    5

Action. Indeed, while the CWT Parties believe that the interpleaded funds in the Interpleader Action are proceeds of their tax credit funds that Debtor stole from them—and thus not part of this Estate—if the CWT Parties are wrong about this but are otherwise right that the Debtor has an interest in these funds, then these funds belong to the Estate, and this Court's permission to allow the Interpleader Action to go forward is necessary. In contrast, if Wyo Tech prevails in the Interpleader Action—meaning that the court in the Interpleader Action holds that the Debtor has no interest in the interpleaded funds (regardless of whether these funds are the proceeds of the stolen tax credits or just the Debtor's assets)—then the Chapter 7 trustee here could challenge that determination. Thus, while neither the CWT Parties nor Wyo Tech concede that the automatic stay applies to the Interpleader Action, the CWT Parties (and Wyo Tech, as shown by its motion in Debtor's Chapter 11 case) recognize the risk that proceeding in the Interpleader Action without stay relief could have devastating effects on the winning party there. And given that the Interpleader Action has been going on since 2017, this Court should allow the parties to continue to litigate the ownership of the interpleaded funds there.

14.   Further, the parties' positions and interest have not changed since the Chapter 11 case, and the filing of the Chapter 7 does not change those interests. Based on Debtor's Statement of No Opposition, Debtor claims to have no interest in the action or the underlying funds. Moreover, Wyo Tech should be deemed to consent to lifting the stay as to the Interpleader Action because it sought the same relief in the Chapter 11 case. Finally, the Chapter 7 Trustee will be unaffected by the requested relief because the proposed form of order specifically provides:

{Z0263971/1 }                                                      6

the CWT Parties shall immediately notify this Court and the Chapter 7 Trustee if they recover any amounts in the Interpleader Action, and the CWT Parties shall hold such recovery in escrow until this Court enters an order with further direction.

Exhibit A.

15. Because the Court previously lifted the stay in the Chapter 11 case, and the basis for the relief has not changed, the Court should again lift the stay as to the Interpleader Action. In effect, the CWT Parties by this Motion simply seek a new order confirming that the stay is not in effect in this new case. Accordingly, relief *nunc pro tunc* as of March 12, 2019, the petition date, is proper.

## CONCLUSION

**WHEREFORE**, the CWT Parties ask the Court to enter the attached order lifting the stay *nunc pro tunc* as of March 12, 2019.

Dated: Cheyenne, Wyoming
March 25, 2019

Respectfully submitted,

**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

*By: /s/ Bradley T. Hunsicker*
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery*

*Corporation*

## NOTICE OF TIME TO OBJECT

**YOU ARE HEREBY NOTIFIED** that if you desire to oppose this Motion, you are required to file with this Court and serve on Bradley T. Hunsicker, attorney for Movant, whose address is listed above, a written objection to this Motion on or before **April 11, 2019**, or the relief requested may be granted by the Court.

Dated: Cheyenne, Wyoming
March 25, 2019

*By: /s/ Bradley T. Hunsicker*
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on March 25, 2019, *as indicated,* upon the following parties in the above-captioned matter.

**Electronic Service:**

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

**Randy L. Royal**
P.O. Box 551
Greybull, WY 82426
307-765-4433

{Z0263971/1}   8

Email: rlroyal@randylroyalpc.com
*Attorney for Trustee*

**By Regular Mail:**

**Dennis Danzik**
1108 14th St.
Cody, Wyoming 82414
*Debtor*

**Margaret M. White**
Karpan and White, P.C.
1920 Thomes Avenue
Suite 610
Cheyenne, WY 82001
*Counsel for Wyo Tech Investment Group, LLC*

**Dennis I. Wilenchik**
WILENCHIK & BARTNESS P.C.
2810 North Third Street
Phoenix, AZ 85004
*Counsel for Wyo Tech Investment Group, LLC*

**Leo R. Beus**
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008
*Counsel for Wyo Tech Investment Group, LLC*

                                                  */s/ Bradley T. Hunsicker*
                                                  Bradley T. Hunsicker