Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

Jeffrey M. Eilender (*pro hac vice to be submitted*)
Bradley J. Nash (*pro hac vice to be submitted*)
Joshua D. Wurtzel (*pro hac vice to be submitted*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
bnash@schlamstone.com
jwurtzel@schlamstone.com

Attorneys for Creditors CWT Canada II Limited Partnership
and Resource Recovery Corporation

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>xxx-xx-1786<br><br>Debtor. | Case No. 19-20116<br>Chapter 7 |

### OBJECTION TO REQUEST TO CONTINUE THE AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. § 362(c)(3)(A) & (B)

Creditors CWT Canada II Limited Partnership ("CWT Canada") and Resource Recovery Corporation ("RRC") (the "CWT Parties") submit this *Objection to Request to Continue the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(A) & (B)* (the "Objection") and state as follows:

{Z0264589/1 }                             1

## BACKGROUND

1. On December 6, 2017, Dennis Danzik ("Debtor") filed a Chapter 11 Voluntary Petition, starting Case No. 17-20934 (the "Chapter 11").

2. On January 5, 2018, Debtor (untimely) filed his *Request to Continue the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(A) & (B)* in the Chapter 11. *See* Request to Continue the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(A) & (B), *In re Danzik*, Bankr. No. 17-20934, Doc. 24 (Bankr. D. Wyo. January 5, 2018) (hereinafter, the "First Request").

3. On February 2, 2018, the Court denied the First Request. *See* Order Denying Debtor's Request to Continue the Automatic Stay, *In re Danzik*, Bankr. No. 17-20934, Doc. 54 (Bankr. D. Wyo. February 2, 2018).

4. On February 6, 2019, the Court dismissed the Chapter 11 case. *See* Decision Memorandum on CWT's Motion to Dismiss, *In re Danzik*, Bankr. No. 17-20934, Doc. 201 (Bankr. D. Wyo. February 6, 2019).

5. Later that same day, the CWT Parties served a *Restraining Notice and Information Subpoena* on U.S. Bank in New York (the "Restraining Notice"), in which it noted that it had a judgment against Debtor for $7,033,491.13 and restrained transfer of Debtor's accounts.

6. On March 12, 2019, Debtor filed a Chapter 7 Voluntary Petition, starting this case. [Doc. 1.] Although Debtor's Chapter 11 case was pending within the last year and was dismissed, Debtor's Chapter 7 petition presumably triggered an automatic stay for at least the first 30 days of the case. *See* 11 U.S.C. § 362(c)(3).

7. On March 18, 2019 Debtor filed his *Request to Continue the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(A) & (B)* (the "Motion"). [Doc. 11.] In the Motion, Debtor appears to be asking the Court to extend the automatic stay past the 30 days provided for under § 362(c)(3).

8. On March 20, 2019, the CWT Parties filed their *Motion to Dismiss Chapter 7 Case, With Prejudice* (the "Motion to Dismiss"). [Doc. 13.] The Motion to Dismiss is currently pending before the Court and is set for hearing on May 15, 2019. [Doc. 14.]

9. The Motion is nearly identical to the First Request. Apart from updated dates and case numbers, the only difference between the First Request and the Motion is Debtor's assertion that "[t]he first chapter 7 filing was intended as means to avoid a prepetition caesura either by the trustee's collection or avoidance power to allow a pro-rata distribution to several effected creditors." The Motion at 2. In addition, the Motion refers to the intention behind the filing, the proposed treatment of creditors, in particular Debtor's assertion that the case will provide 100% payment to the IRS, and asks the Court to extend the stay "to include the duration of payout under the plan as to all claimants." *Id.* at 2–3.

10. The Motion provides no allegations or argument regarding why the Court should exercise its discretion and extend the stay as Debtor requests.

{Z0264589/1 }  3

## AUTHORITY AND ARGUMENT

11. The Court should deny the Motion because Debtor did not (1) rebut the presumption that he filed this case in bad faith or (2) set out with any particularity why the Court should extend the stay.

12. Bankruptcy Code § 362(c)(3) provides:

[I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and **if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed**, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) **the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day** after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, **the court may extend the stay in particular cases as to any or all creditors** (subject to such conditions or limitations as the court may then impose) **after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed** . . . .

11 U.S.C. § 362(c)(3) (emphasis added).

13. A case is presumptively filed not in good faith as to all creditors if "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13." 11 U.S.C. § 362(c)(3)(C)(3)(i)(III). "The Debtor bears the burden of proof to show a change of financial circumstances under Section 362(c)(3)(C)(i)(III)." *In re Nutter*, No. 09-34827-

H3-13, 2009 Bankr. LEXIS 2591, at *9 (Bankr. S.D. Tex. Aug. 31, 2009) (citing *In re Charles*, 334 B.R. 207 (Bankr. S.D. Tex. 2005)).

14.     Note that, under 11 U.S.C. § 362(c)(3), whether or not the presumption that the case was not filed in good faith arises, a debtor still has the burden to show that he filed the case in good faith.  The difference is what standard of proof applies:

> Whether this case was presumptively not filed in good faith under § 362(c)(3)(C) is crucial because it determines the burden the Debtor must meet to prevail on his motion to extend the automatic stay.  If the Presumption arises, the Debtor must rebut the Presumption with 'clear and convincing evidence.'  If the Presumption does not arise, the Debtor 'need only show that the current case was filed in good faith under the less demanding preponderance of the evidence standard.'

*In re Fisher*, No. 18-10343, 2018 Bankr. LEXIS 3623, at *19–20 (Bankr. D. Vt. Nov. 20, 2018) (parenthetical omitted) (citations omitted) (citing and quoting Collier on Bankruptcy ¶ 362.06(3)(b)); *In re Ellis*, 339 B.R. 136, 141-42 (Bankr. E.D. Pa. 2006) ("Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.")

15.     Here, Debtor does not dispute that the case is presumptively filed in bad faith, at least as to several creditors, but nevertheless asks the Court to extend the stay as to "all claimants."  *See* the Motion at 2–3.  The CWT Parties argue that Debtor presumptively did not filed the case in good faith as to **all** creditors because there was not a substantial change in Debtor's financial or personal affairs since the Court dismissed the Chapter 11.  Debtor filed this case only 34 days after the Chapter 11 was dismissed.  Debtor provides nothing to show a substantial change in his financial or personal affairs during that time.  In fact, the Motion does not even allege any substantial changes in his financial or personal affairs.

Thus, Debtor has not met his burden of proof to show a substantial change of financial circumstances since the Court dismissed the Chapter 11.  *See In re Rodriguez*, 487 B.R. 275, 287 (Bankr. D.N.M. 2013) ('There is no evidence before the Court regarding the Debtor's financial condition as of the dismissal of the Chapter 11 case from which the Court can conclude that a substantial change occurred between the time the prior case was dismissed and the time the Debtor filed the instant Chapter 13 case. . . . The Court therefore finds for purposes of applying 11 U.S.C. § 362(c)(3)(B) that the presumption has arisen . . . ."). Because Debtor's financial circumstances have not substantially changed, he presumptively filed not in good faith, and the clear and convincing proof standard applies.

16.    To the extent that Debtor argues that the CWT Parties action in serving the Restraining Notice constitutes a "substantial change" in his financial affairs, the Court should reject that argument.  A creditor moving to enforce its judgment is not a substantial change in Debtor's financial affairs.  *See In re Cox*, No. 17-80820-TRC, 2017 Bankr. LEXIS 2248, at *9 (Bankr. E.D. Okla. Aug. 9, 2017) (finding no substantial change in the financial affairs of the debtor where "[t]he only circumstance that seems to have changed is that some of Debtors' equipment was repossessed, and they want it back.  Creditors had just enough time following dismissal of the last case to file replevin actions and repossess some of their collateral.").  The Court should find that there has not been a substantial change in Debtor's financial affairs since February 6, 2019 and conclude that Debtor presumptively filed the case not in good faith.  Because Debtor's presumptively filed not in good faith, the clear and convincing proof standard applies.

17. Even if the Court concludes that Debtor's financial circumstances have substantially changed, such that the preponderance of the evidence standard applies, the Court should still deny the Motion. Debtor's allegations and arguments are insufficient to show that he filed this case in good faith under either standard. First, Debtor's argument that he will propose 100% payment to the IRS is meaningless in Chapter 7. Second, seeking the return of the restrained funds is not sufficient to rebut the presumption that the case is not filed in good faith. Third, Debtor's history with this Court shows bad faith.

18. First, Debtor argues that he filed this case in good faith because it will result in 100% payment to the IRS. Given Debtor's financial situation, such a proposal is impossible, and given that Debtor is in Chapter 7, not Chapter 11, his discussion of proposed treatment of the IRS is meaningless. If Debtor continues in Chapter 7, the Chapter 7 Trustee will liquidate the estate and make distribution's according to the Bankruptcy Code's priority scheme. Debtor's intentions to any creditor, proposed treatment of any creditor, or anything else will be irrelevant.

19. Because Debtor recycles the same motion to extend the stay that he filed in the Chapter 11 case, without changing the substance of his argument or the basis for the relief he requests, his arguments fail to connect. Debtor's assertions and arguments about the IRS are cognizable only in the context of a Chapter 11 case and are simply inapplicable or meaningless in the Chapter 7 context. The Court should reject these arguments as inapplicable in the Chapter 7 context.

20. Second, Debtor argues that he filed this case in good faith because the Chapter 7 was intended to retrieve the funds the CWT Parties restrained through the

Restraining Notice. *See* the Motion at 2 ("The first chapter 7 filing was intended as means to avoid a prepetition caesura either by the trustee's collection or avoidance power to allow a pro-rata distribution to several effected creditors."). This does not show good faith. Filing a case for the purpose of retrieving and distributing the restrained funds does not show good faith. *See In re Cox*, No. 17-80820-TRC, 2017 Bankr. LEXIS 2248, at *9 (Bankr. E.D. Okla. Aug. 9, 2017).

21. Third, Debtor filed this case in bad faith. This is Debtor's third case before this Court. The CWT Parties will not repeat the history of Debtor's abuses and bad faith conduct before this and other courts. The CWT Parties do, however, hereby incorporate herein by reference the facts, authority, and arguments set out in the Motion to Dismiss to support its position that Debtor filed this case in bad faith. [Doc. 13.] Because Debtor filed the case in bad faith, the Court should deny the motion to extend the stay.

22. Finally, even if Debtor shows that he filed this case in good faith, he has failed to present anything to show why the stay should be extended. Simply because a debtor rebuts the presumption that he did not file in good faith does not necessarily mean that the stay should be extended:

> [R]ebutting the presumption under § 362(c)(3)(C) or establishing good faith under § 362(c)(3)(B) is only the first step in a two step process. Once good faith is established, the movant must next establish, by a preponderance of the evidence, why the Court should exercise its discretion to extend the stay.

*In re Baldassaro*, 2006 BNH 7, 338 B.R. 178, 186–87 (citation omitted).

23. Here, Debtor provides nothing in the Motion to support the relief that he requests. Although Debtor sets out allegations and arguments in an attempt to rebut the

presumption of bad faith, Debtor does not set out any basis for why the Court should extend the stay. Neither the Court nor the CWT Parties should be required to guess Debtor's basis for asking the Court to extend the stay:

> Fed. R. Bankr. P. 9013 requires that all motions state with particularity the grounds for the relief sought. This requirement is not a rigid hurdle to relief but is designed to afford notice of the grounds for the motion to both the court and the opposing party and provide the opposing party with a meaningful opportunity to respond in court with enough information to process the motion correctly.

*In re Hall*, No. 04-09478-JW, 2007 Bankr. LEXIS 3888, at *1 (Bankr. D.S.C. Nov. 21, 2007); *see also* Fed. R. Bankr. P. 9013 ("A request for an order . . . shall be by written motion . . . . The motion shall state with particularity the grounds therefor . . . ."). Where a motion "fails to sufficiently state the basis for such relief," it should be denied. *See In re Hall*, 2007 Bankr. LEXIS 3888, at *2, *5.

24. Thus, even if the Court finds that Debtor rebutted the presumption that he filed this case not in good faith, the Court should nevertheless deny the Motion because Debtor failed to set out why he believes the Court should extend the stay in this case. The CWT Parties are entitled to know the basis for the relief sought in order to evaluate the allegations and arguments and effectively oppose the relief requested. Without a statement of the grounds for the relief sought, the CWT Parties are unable to do so. Because the Motion "fails to sufficiently state the basis for such relief," it does not meet the requirements of Federal Rule of Bankruptcy Procedure 9013 and should be denied.

## CONCLUSION

**WHEREFORE**, the CWT Parties ask the Court to deny the Motion.

Dated: Cheyenne, Wyoming
March 28, 2019

Respectfully submitted,

**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

By: /s/ Bradley T. Hunsicker
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on March 28, 2019, *as indicated,* upon the following parties in the above-captioned matter.

**Electronic Service:**

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

**Randy L. Royal**

P.O. Box 551
Greybull, WY 82426
307-765-4433
Email: rlroyal@randylroyalpc.com
*Attorney for Trustee*

                                                */s/ Bradley T. Hunsicker*
                                                Bradley T. Hunsicker