KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                )
    DENNIS MEYER DANZIK,   )
                                       )       Case No. 19-20116
                                       )       CHAPTER 7
                 Debtor.   )

## DEBTOR'S RESPONSE TO THE CWT PARTIES OBJECTION TO THE DEBTOR'S REQUEST TO CONTINUE THE AUTOMATIC STAY PURSUANT TO 11 USC §362(c)(3)(A) & (B)

COMES NOW the Debtor above named, by counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C., and in response to the CWT Parties' objection to the court entering an order extending the automatic stay he offers the following:

1. This is the Debtor's third bankruptcy filing, over a span of time, short enough for it to be obvious that essentially the same creditors are involved. Two chapter 11's that bogged down in ancillary litigation, although, there was a substantial accumulation of disposable income in the second. It is that accumulation this chapter 7 is all about. The Bankruptcy Code permits serial filings under Chapter 7 and Chapter 11 and such filings are not therefore *per se* evidence of bad faith. See *Johnson v. Home State Bank*, 115 L. Ed. 2d 66, 111

Page 1 of 6

S. Ct. 2150 (1991); *In re Rasmussen*, 888F. 2d 703, 705 (10th Cir. 1989).

2. There is little doubt that this chapter 7 proceeding was commenced by the Debtor in response to the CWT Parties service of a restraint, followed by a motion for turnover, i.e. garnishment of, his Debtor-in-Possession and tax bank accounts whose balances were laboriously accumulated over the span of the prior chapter 11 proceeding.

3. If every Debtor that filed bankruptcy did so in bad faith, because the desire to avoid the consequences of garnishment should automatically be considered bad faith, there would not be so many bankruptcies.

4. The substantial change in the Debtor's financial circumstance that justifies the good faith of his action in filing this case, is simply the restraint by one creditor in presence of many creditors. Why should one creditor, the objecting party, be allowed an advantage over all other creditors when the chapter 7 process provides an alternative? The Debtor will have no trouble carrying his burden of proof to show this to be the case. The restraint speaks for itself.

5. It can hardly be argued that $466,000+ - some odd dollars is not a substantial financial consequence in the Debtor's circumstance. It will be one of the largest chapter 7 estates in this district in 2019.

6. The objector cites the Chapter 13 case, *In re Cox*, LEXIS 2248. *9 (Bankr. E .D. Okla. Aug. 9, 2017) for the proposition that having some of the Debtor's equipment repossessed is not to be considered a substantial change in the

Debtor's financial affairs, but that case resulted in the stay not being extended for three years based on a myriad of adverse circumstances burying the Debtor, i.e. several failed to perform chapter 13's, no significant changes in self-employment that to date had been completely unable to fund a viable plan. Applying the totality of circumstance test citing *In re Montoya* 338 B.R. 449, 457-58 (Bankr. Utah 2005) and *In re Gier*. 986 F.2d 1326(10TH Cir. 1992) the Cox court simply found Mr. Cox did not rebut the presumption that his case was not filed in good faith by a clear and convincing evidence in order for him to hold creditors at bay for three years while making token payments to unsecured creditors.

7. Most of the law cited by the objecting party here is chapter 13 case law. Section 1325 (a)(3) requires good faith and litigation abounds on the subject where the Debtor seeks to retain property and pay creditors over time, perhaps not in full, and receive a discharge.

8. The sentinel Tenth Circuit Chapter 13 cases *In re Gier* 986 F.2d 1326(10th Cir. 1993) and *In re Flygare* 709 F.2d at 1347 (10TH Cir. 1983) adopt non exclusive lists of factors to consider when reviewing good faith in the chapter 13 circumstance. These lists do not shed much light on a Debtor motivated by the desire for a substantial asset to be distributed according to the rules of Chapter 7.

9. This case is presumptively filed in bad faith as to several individual

creditors who filed for relief from the automatic stay pursuant to §362(d), some of which were pending at the time of dismissal.  The objecting creditor does not seem to be in that category.  The one stay relief request it made, to litigate against Wyo. Tec was granted in the chapter 11, and is going unopposed in the Chapter 7 case.

10.     The objector at paragraph 17 in its objection cites "the Debtor's history with this Court shows bad faith."  The undersigned must have missed that. The Debtor has certainly not delayed any part of this case, nor failed to pay any fees or charges required, nor failed to file the information required by paragraph (1) of section 521(a).

11.     The objector suggests the Debtor's request for a stay extension should fail because he does not delineate the reason he wants stay protection for himself in addition to the stay as it effects property of the estate.  Nonsense.  There is no box to check in any of the official bankruptcy forms requiring the Debtor to disclose "why" he is seeking protection from the bankruptcy court. The reasons for filing bankruptcy include protection from the automatic stay and knowledge that the price that has to be paid for that is an orderly chapter-wise disposition of assets

WHEREFORE the Debtor prays the Automatic Stay be continued beyond the 30-day expiration to include the duration of payout under the plan as to all claimants to allow an orderly pro rata payout.  This is a short time request as discharge becomes operative in

roughly 103 days.

DATED this 10th day of April, 2019.

>RESPECTFULLY SUBMITTED FOR:
>DENNIS MEYER DANZIK
>PROPOSED COUNSEL FOR THE DIP
>
>By:
>/s/ Ken McCartney
>KEN McCARTNEY, #5-1335
>The Law Offices of Ken McCartney, P.C.
>P.O. Box 1364
>Cheyenne, WY 82003-1364
>Telephone: (307) 635-0555
>Email: bnkrpcyrep@aol.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of April 2019, a true and correct copy of the foregoing ***Debtor's Response to the CWT Parties' Objection to the Extension of the Automatic Stay Beyond Thirty Days*** was served to the following parties:

| | |
|---|---|
| Daniel Morse<br>Deputy US Trustee | Via Electronic Mail Only |
| Bradley Hunsicker<br>Marcus Young et al<br>Counsel for the CWT Parties | Via Electronic Mail Only |

>/s/ Ken McCartney

KEN McCARTNEY