KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                          )
    DENNIS MEYER DANZIK,    )
                                )   Case No. 19-20116
                                )   CHAPTER 7
                        Debtor. )

## DEBTOR'S RESPONSE TO THE CWT PARTIES' MOTION TO DISMISS THE ABOVE DESCRIBED CHAPTER 7 PROCEEDING

COMES NOW the Debtor above named, by counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C., and he responds to the CWT Parties' Motion to Dismiss with Prejudice as follows:

1. The present case was commenced on March 12th, 2019, by voluntary petition.

2. The Motion to Dismiss in question is brought pursuant to 11 U.S.C. § 707(a) alleging that the enumerated grounds for dismissal are not exhaustive, but merely illustrative. The movant suggests that here there is "cause" to dismiss because 1) the case was filed in bad faith, and 2) filing should be barred by *res judicata*.

## BAD FAITH --ARGUMENT

First of all the Debtor denies this chapter 7 case was brought in bad faith. There is nothing about desiring an orderly Chapter 7 liquidation of substantial assets that constitutes bad faith. The opposite might be true, but not relevant.

The debtor is looking forward to the evidentiary hearing on this motion which will allow him to thoroughly address issues of bad faith in the related cases.

Next, the 16 factors courts consider when deciding if a chapter 13 should be dismissed for the lack of good faith pursuant to 11 U.S.C. §1325(a)(3) can be reviewed but provide very little guidance given a chapter 7 Debtor's minimal interaction with creditors over time and essentially no control of accumulation and distribution of the estate.

The movant suggests that the Debtor cannot fulfill the "purpose of chapter 7," therefore, this case is filed in bad faith. He defines "purpose" as obtaining a fresh start. A fresh start is a relative concept. This Debtor will benefit from a discharge. But one has to ask where the "purpose of chapter 7" reaches out and grabs a definition based solely on fresh anything. Among the many purposes for chapter 7 relief, includes the desire to have an orderly distribution of assets without one opportunistic creditor grabbing the whole apple cart. That purpose will be fulfilled if this chapter 7 goes forward.

The supporting material accompanying the motion is short on 10th Circuit law. Perhaps the reason for that is a directly in point Colorado District holding

finding that §707(a) does not encompass good faith requirements.as a matter of law. *In re Etcheverry*, 221 B.R. 524, 526 (Bankr.D. Colo 1998). "This Court holds that there is not a "good faith" requirement contained in 11 U.S. C. §707(a)"

Considering the lower Court's holding described immediately above, the Colorado District Court, Judge Wiley Y. Daniel at 242 B.R. 503, *Shangraw v. Etcheverry*, (Colo. Dist. Ct Dec. 22, 199) takes apart "good faith" chapter 7 dismissal. Counsel will quote extensively:

"As a preliminary matter, it is important to note that commentators have questioned the ability of a bankruptcy court to dismiss a Chapter 7 case for lack of good faith. See Katie thein Kimlinger & William P. Wassweiler, <u>The Good Faith Fable of 11 U.S.C. §707(a): How Bankruptcy Courts Have Invented A Good Faith Filing Requirement for Chapter 7 Debtors</u>, 13 Bankr. Dev. J. 61 (199); see also, 6 Collier on Bankruptcy P707.32[2] ("The power to dismiss a chapter 7 case for lack of good faith, *if it exists at all* is extremely limited.") (emphasis added). While the Bankruptcy Code explicitly imposes a good faith requirement in the proposal of Chapter 11, 12 and 13 plans, see U.S.C. §§1129(a), 1225(a)(3), 1325(a)(3) (1999), no such mandate is articulated under Chapter 7. Section 707(a) of the Bankruptcy Code provides that a bankruptcy court

> May dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor this is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 26; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional times as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States Trustee

The instances of "cause" set forth in Section 707(a) are merely illustrative and are not an exhaustive listing. *In re Hammonds*, 139 B.R. 535 (Bankr. D. Colo. 1992)."

The court goes on to recognize that a number of bankruptcy cases have found that the lack of good faith is a valid cause of dismissal under §707(a) citing several at page 504 including several in the Movants brief, i.e. *In re Zick* 931 F. 2d 11244, 1126-27 (6th Cir. 1991).

But Judge Daniel goes on:

"In 1978 Congress enacted a new Bankruptcy Code.  The Code did not contain any express requirement that bankruptcy petitions filed, be filed in good faith.  It, however, did retain the concept that where a Debtor chooses to maintain its relationship with its creditors in an attempt to reorganize, the Debtor must demonstrate good faith in that relationship See 11 U.S.C. §§1129(a)3(3), 1225(a)(3),1325(a)(3).  (1999)  The foregoing provisions contain identical language mandating that the court, prior to confirming a Chapter 11, 12, or 13 plan, must find that the reorganization proposal has been made in good faith. [Judge Daniel] finds that the absence of this language in the Bankruptcy Code's

liquidation chapter, chapter 7, means that Congress did not incorporate a good faith requirement when a bankruptcy court rules on motions to dismiss under 11 U.S.C. §707(a).

Further support for this result comes from changes not made by Congress when it amended the Bankruptcy Code in 1986. It declined to insert a good faith requirement into §707(a) when it changed §707(b). Also in 1986 Coode changes strengthened the ability of United States Trustees to initiate action under §707(b) where there existed substantial abuse. Judge Daniel agrees the with bankruptcy judge in *Etcheverry* that "if Congress had wanted a 'substantial abuse' provision in 707(a) they could have inserted it as they did in §707(b), but they did not do so" *In re Etcheverry*, 221, B.R. at 525.

 The exclusion of good faith language in 11 U.S.C. §707(a) makes good sense if one examines the relationship of the Debtor and creditor in a liquidation case. When a Debtor liquidates, it surrenders all of its nonexempt assets for distribution among its creditors, and the debtor-creditor relationship is presumably terminated. Since liquidation requires no ongoing relationship between the Debtor and creditor, the ability to discharge should be made available to any debtor that is willing to risk the chance that some of its debts may not be discharged."

 Judge Daniel took issue with two prior Colorado Bankruptcy Courts that had relied on good faith under 707(a).

**RES JUDICATA – ARGUMENT**

Page 5 of 8

There is nothing about the Bankruptcy Court's ruling which denied the Debtor's request that the second chapter 11 case be converted rather than dismissed which brings prejudice to the Debtor filing now for chapter 7. That ruling came on as a function of the court's restrictions to alter or amend judgments, not necessarily the merits of the Debtor's request.

" There has not been intervening change of controlling law regarding dismissal of a Chapter 11 bankruptcy case, pursuant to § 1112, as determined by the court in its ruling. Debtor does not present argument of new evidence previously unavailable." Quoting the Order Denying reconsideration. Base case Doc 211

To impose *res judicata* limiting the Debtor where congress intended there to be no limitations would require a specific finding and holding. Not to set that as the standard would deprive any Debtor from filing a subsequent bankruptcy case. That is an approach Congress did not take in the bankruptcy code. If anything the court's denial of the CWT Parties' request that the Debtor be enjoined from future filings for 180 days would appear to block that repeated request and supports the Debtor's rights as a citizen.

**DISMISSAL WITH PREJUDICE AND BAR FILING FOR 180 DAYS**

The Debtor has done nothing wrong by seeking an orderly chapter 7 distribution of funds he accumulated while in Chapter 11 bankruptcy. No orders were violated, and the prior dismissal was not voluntary, no code provision allowing a barrier to refiling has been triggered that would come close to justifying the relief the movant requests in this regard. Just as it was in the

Chapter 11 case, this request should be denied.

WHEREFORE the Debtor pray the Motion be denied and the case proceed through normal course administration to the benefit of all creditors.

DATED this 10th day of April, 2019.

> RESPECTFULLY SUBMITTED FOR:
> DENNIS MEYER DANZIK
> PROPOSED COUNSEL FOR THE DIP
>
> By:
> /s/ Ken McCartney
> KEN McCARTNEY, #5-1335
> The Law Offices of Ken McCartney, P.C.
> P.O. Box 1364
> Cheyenne, WY 82003-1364
> Telephone: (307) 635-0555
> Email: bnkrpcyrep@aol.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th day of AQpril, 2019, a true and correct copy of the foregoing ***Debtor's Response to the CWT Parties' Motion to Dismiss and Bar refiling for 180 Days*** was served to the following parties:

Daniel Morse                                          Via Electronic Mail Only
Deputy US Trustee


Bradly Hunsicker                                      Via Electronic Mail Only
Marcus Young, *et al*
Counsel for the CWT Parties

/s/ Ken McCartney
KEN McCARTNEY