Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

Jeffrey M. Eilender (*pro hac vice to be submitted*)
Bradley J. Nash (*pro hac vice to be submitted*)
Joshua D. Wurtzel (*pro hac vice to be submitted*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
bnash@schlamstone.com
jwurtzel@schlamstone.com

Attorneys for Creditors CWT Canada II Limited Partnership
and Resource Recovery Corporation

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>xxx-xx-1786<br><br>Debtor. | Case No. 19-20116<br>Chapter 7 |

**REPLY TO DEBTOR'S RESPONSE TO MOTION TO DISMISS CHAPTER 7 CASE, WITH PREJUDICE**

Creditors CWT Canada II Limited Partnership ("CWT Canada") and Resource Recovery Corporation ("RRC") (the "CWT Parties") submit this *Reply to Debtor's Response to Motion to Dismiss to Dismiss Chapter 7 Case, with Prejudice* (the "Reply") and state as follows:

{Z0269253/1 }                                1

## BACKGROUND

1. On March 20, 2019, the CWT Parties filed their *Motion to Dismiss Chapter 7 Case, with Prejudice* (the "Motion"). [Doc. 13.]

2. On April 10, 2019, Debtor Dennis Meyer Danzik ("Debtor") filed *Debtor's Response to the CWT Parties' Motion to Dismiss the Above Described Chapter 7 Proceeding* ("Debtor's Response," or "the Response"). [Doc. 36.] Debtor makes three arguments in the Response. First, Debtor argues that, as a matter of law, Chapter 7 cases cannot be dismissed for bad faith. Second, Debtor argues that res judicata does not apply to the Court's ruling denying his motion to reconsider. Finally, Debtor denies that he has done anything to warrant dismissal with prejudice.

3. The CWT Parties file this Reply primarily to address Debtor's argument that bad faith is not 'cause' to dismiss under § 707(a) as a matter of law. Debtor's argument that res judicata does not apply addresses the wrong ruling and his argument that dismissal with prejudice is not warranted simply denies the facts and law set out in the Motion. The CWT Parties ask the Court to grant the Motion and dismiss the case with prejudice.

## AUTHORITY AND ARGUMENT

### I. Dismissing a Chapter 7 for Bad Faith in the 10th Circuit

4. First, Debtor argues that, as a matter of law, bad faith is not 'cause' to dismiss under 11 U.S.C. § 707(a). Debtor's Response at 3. Debtor argues that, unlike Chapter 11 or Chapter 13, a Chapter 7 debtor has little or no control over the case and no interaction with creditors. *Id.* at 2. Debtor concludes that a Chapter 7 debtor cannot file in bad faith as a matter of law. *Id.* In addition, Debtor argues that the Motion lacks 10th Circuit

{Z0269253/1}  2

authority and cites a case from the Bankruptcy Court for the District of Colorado holding that bad faith is not cause to dismiss under § 707(a). *Id.* at 2–3.

5. The better reasoned authority holds that bad faith is 'cause' under § 707(a). In particular, courts have dismissed Chapter 7 debtors who have engaged in egregious prepetition conduct and filed for reasons other than seeking a 'fresh start.' These standards apply to this Debtor and this case. The Court should dismiss the case under § 707(a).

6. Section 707(a) provides "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including . . . ." 11 U.S.C. § 707(a). There is a split of authority about whether "cause" includes bad faith:

> The issue of whether bad faith can constitute cause for dismissal under § 707(a) has created a division among bankruptcy courts and circuit courts around the country. On the one hand, the Third, Sixth, and Eleventh Circuits have held that chapter 7 cases can be dismissed for a debtor's bad faith conduct under § 707(a). On the other hand, the Eighth and Ninth Circuits have held that bad faith is not a proper basis for a § 707(a) dismissal. Even within the Tenth Circuit, courts have split on the issue, but the Tenth Circuit Court of Appeals has yet to address this question.

*In re Yim Kealamakia*, No. 12-31822, 2013 Bankr. LEXIS 2777, at *11 & n.23 (Bankr. D. Utah July 9, 2013)).

7. After reviewing this split of authority and weighing the arguments, the court in *Kealamakia* rejected the exact argument that Debtor makes here and concluded that

> the absence of an ongoing post-petition relationship between the debtor and creditor in Chapter 7 does not in any way suggest a debtor's pre-petition bad faith can never provide 'cause' to dismiss. Therefore, this Court finds that, consonant with interpretations of analogous Code sections in different chapters, and based upon an examination of the history of § 707, bad faith does constitute cause for dismissal under § 707(a).

*Id.* at *21–22 (footnote and internal quotation marks omitted).

8. Although bad faith is 'cause' to dismiss under § 707(a), Courts have found that such dismissal should be limited to "truly egregious cases":

> The Third Circuit has stated that a court should not lightly infer a lack of good faith and that dismissal is warranted "only in 'egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a single large debt based upon conduct akin to fraud, misconduct, or gross negligence.'" . . . . This Court agrees that dismissal on the ground of bad faith should be reserved for truly egregious cases.

*Id.* at *22–23 (footnotes omitted). This narrow bad faith analysis is consistent with the criticism of bad faith dismissal as a disguised improper evaluation of a debtor's ability to pay. *See In re Bushyhead*, 525 B.R. 136, 151 (Bankr. N.D. Okla. 2015) ("[M]ost cases dismissed under § 707(a) under the guise of 'bad faith' are dismissed primarily due to the debtor's ability to pay pre-petition debt.").

9. Such a narrow view of bad faith—requiring egregious conduct for dismissal under § 707(a)—has broader support. In fact, although the Eighth Circuit is cited as holding that bad faith does not support dismissal under § 707(a), *see In re Yim Kealamakia*, 2013 Bankr. LEXIS 2777, at *11, it actually supports a "bad faith" dismissal, but only in extreme cases:

> Eighth Circuit has held that a debtor's bad faith in filing a Chapter 7 case may be cause for dismissal of the case, but that "bad faith under § 707(a) [must] be limited to extreme misconduct falling outside the purview of more specific Code provisions, such as using bankruptcy as a 'scorched-earth' tactic against a diligent creditor, or using bankruptcy as a refuge from another court's jurisdiction."

*In re Bushyhead*, 525 B.R. at 143 (quoting *In re Huckfeldt*, 39 F.3d 829, 832 (8th Cir. 1994)).

10. Finally, there is substantial authority in the 10th Circuit that bad faith is 'cause' to dismiss under § 707(a). *See, e.g.*, *In re McGuire-Pike*, No. 14-13365 ta7, 2015 Bankr. LEXIS 2282, at *9 (Bankr. D.N.M. July 10, 2015) ("[B]ad faith can constitute cause for dismissal under § 707(a)."); *In re Snyder*, 509 B.R. 945, 950 (Bankr. D.N.M. 2014) ("The Court adopts the view that bad faith can constitute cause for dismissal under § 707(a)."); *In re Quinn*, 490 B.R. 607, 616 (Bankr. D.N.M. 2012) ("The Court, therefore, concludes that a 'bad faith filing' may constitute 'cause' for dismissal of a Chapter 7 bankruptcy case under 11 U.S.C. § 707(a)."); *In re Tanenbaum*, 210 B.R. 182 (Bankr. D. Colo. 1997) ("The absence of good faith of a debtor is also sufficient cause for dismissal under Section 707(a).")

11. Here, the CWT Parties ask the Court to dismiss the case under § 707(a) on the basis that Debtor filed the case in bad faith. The CWT Parties are not seeking dismissal because Debtor can pay his debts. The CWT Parties are seeking dismissal based on Debtor's relentless litigation and bankruptcy efforts to avoid his $7 million liability to the CWT Parties based on fraud. The facts set out in the Motion show that this is one of the 'egregious cases that entail[s] concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a single large debt based upon conduct akin to fraud, misconduct, or gross negligence.'" *In re Yim Kealamakia*, 2013 Bankr. LEXIS 2777, at *22–23. Further, this is a case where the Debtor has used bankruptcy as a "'scorched-earth' tactic against a diligent creditor." *In re Bushyhead*, 525 B.R. at 143. Even in the Eighth Circuit, such conduct is 'cause' to dismiss under § 707(a). *See In re Huckfeldt*, 39 F.3d at 832. This law is consistent with the factors and analysis set out in the Motion

showing that this is an egregious case of consistent misuse of bankruptcy protection by a debtor warranting dismissal under § 707(a).

12. Finally, even if the Court finds that bad faith is not 'cause' to dismiss under § 707(a), the Court should still dismiss the case because Debtor filed for improper, noneconomic reasons. Debtor's millions in nondischargeable debt show that Debtor did not file this case to get a fresh start because those obligations guarantee that Debtor will not enjoy the benefit of Chapter 7 fresh start.

13. Where a debtor will not enjoy a fresh start, the court may infer that debtor filed the case for an improper purpose and dismiss the case. *See In re Bilzerian*, 258 B.R. 850, 857 (Bankr. M.D. Fla. 2001) ("$130,650,328.17 is owed on account of the nondischargeable debts. . . . Another $9 million is owed to the Internal Revenue Service which . . . would be nondischargeable . . . It can reasonably be inferred from these facts that Bilzerian did not file this case to get a 'fresh start.'"); *In re Barry*, 19 Fla. L. Weekly Fed. B 108 (U.S. Bankr. N.D. Fla 2005) ("Since almost all of the debts listed in this bankruptcy are excepted from discharge and there are no assets to be distributed to creditors, the question becomes what useful purpose will be served by the continuation of this case. The answer to that question is none.").

14. When a debtor files Chapter 7 for improper, noneconomic motives—like delay—instead of seeking honest economic relief, dismissal under § 707(a) is warranted. *See In re Bushyhead*, 2016 U.S. Dist. LEXIS 186308, at *23 ("[P]ermitting dismissal for conduct evidencing 'noneconomic motives,' . . . most closely adheres to the Congressional purpose of § 707(a)."). Economic versus noneconomic motives are determined by

examining "whether the petition was filed with the intent and desire to obtain the relief that is available under a particular chapter of the Bankruptcy Code. . . or whether the debtor is pursuing some other goal." *Id.*

15. Here, Debtor's purpose in filing this case is to frustrate the CWT Parties' efforts to enforce their rights against him. Debtor's repeated statements about wanting an "orderly distribution" is inconsistent with his conduct during his last two bankruptcy cases, in which, as debtor-in-possession, he failed to even propose a plan. This noneconomic motive is improper and warrants dismissal of the case.

16. In short, Debtor's egregious bad faith prepetition conduct: his lavish lifestyle, abusive litigation conduct, and scorched earth bankruptcy tactics to avoid his $7 million fraud judgment—all without the ability to enjoy the economic relief offered by Chapter 7—is cause to dismiss under § 707(a). The Court should follow the facts and law set out in the Motion and dismiss the case with prejudice.

**II. Res Judicata**

17. Debtor asserts that res judicata does not apply. Response at 6. Debtor asserts that "[t]here is nothing about the Bankruptcy Court's ruling [denying Debtor's motion to reconsider] which denied the Debtor's request that the second chapter 11 case be converted rather than dismissed." *Id.* The Court should reject Debtor's argument and find that res judicata applies and bars debtor from resisting dismissal.

18. First, Debtor misses the relevant ruling. Debtor's argument focuses entirely on the Court's order denying his motion to reconsider. It is the Court's order dismissing his second Chapter 11, however, that controls this issue and bars him from resisting

{Z0269253/1} 7

dismissal. In resisting the CWT Parties' Motion to Dismiss his most recent Chapter 11, Debtor failed to assert that the case should instead be converted to Chapter 7. As the Court noted in its Order Denying Motion to Alter, "Debtor never argued for conversion to Chapter 7 liquidation proceedings instead of dismissal before or during the hearing," and "[a]ll creditors had notice of CWT's Motion to Dismiss, yet none contested it or advocated for conversion to Chapter 7, rather than dismissal." Debtor had the opportunity to oppose dismissal or urge conversion but did not do so. Accordingly, he is barred from seeking that protection now.

19. Second, the Court has repeatedly ruled that Debtor does not belong in Chapter 7—that dismissal, not conversion, is in the best interest of the estate and creditors. The Court ruled when it dismissed Debtor's first case that "[i]t is in the best interest of the estate to dismiss." The Court adopted this analysis when it dismissed the second case: "The court applies the same analysis from Debtor's first case . . . . it is in the best interest of the estate and creditors that the court dismiss the case." Most recently, when Debtor asked the Court to reconsider this ruling and convert the case instead, the Court rejected his argument and maintained that dismissal, not conversion, was appropriate. Nothing has changed since these rulings and so they continue to have persuasive, if not binding, force. The Court should find that res judicata controls this issue and bars Debtor from filing Chapter 7.

**III. The Court Should Dismiss the Case with Prejudice and Bar Debtor from Filing for 180 Days**

20. Finally, Debtor asserts that he "has done nothing wrong" by filing Chapter 7 and that none of the bases for dismissal with prejudice apply to this case.

21. Debtor's bare denial is insufficient to overcome the facts and law set out in the Motion. Debtor has shown no hesitation about repeatedly filing bankruptcy cases without any intention of following through on those cases. Debtor has abused the bankruptcy process—including dragging out two Chapter 11 cases to bad faith dismissal without any effort to file a plan—now filing a Chapter 7 days after his previous bankruptcy was dismissed. These actions show that a bar to refiling is warranted.

22. Debtor's three-sentence response fails to address the Debtor's repeat filing, defiance, dishonesty, and abuse of process which are set out in the Motion in detail. The Court should dismiss the case with prejudice as requested in the Motion.

## CONCLUSION

**WHEREFORE**, the CWT Parties ask the Court to grant the Motion.

Dated: Cheyenne, Wyoming
May 2, 2019

        Respectfully submitted,

        **CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

        <u>By: /s/ Bradley T. Hunsicker</u>
        Bradley T. Hunsicker, #7-4579
        **MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
        106 East Lincolnway, Suite 300
        Cheyenne, WY 82001

>Telephone: (307) 778-8178
>Facsimile: (307) 638-1975
>E-Mail: bhunsicker@markuswilliams.com
>
>*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on May 2, 2019 *electronically,* via the Court's CM/ECF system upon the following parties who have entered their appearance in the above-captioned matter.

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

>*/s/ Bradley T. Hunsicker*
>Bradley T. Hunsicker

{Z0269253/1 }                                10