Nicholas M. Crandall, WSB #7-5144
Bonner Law Firm, P.C.
1102 Beck Avenue
Cody, WY 82414
(307) 586-4135
nick@bonnerlawfirmpc.com
Attorney for Richard S. Rofè

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 19-20116 |
| DENNIS MEYER DANZIK, ) | Chapter 7 |
| ) | |
| Debtor. ) | |

_____

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND NOTICE OF TIME TO OBJECT**

_____

Creditor Richard S. Rofè ("Mr. Rofè"), by and through his undersigned counsel, hereby requests an order of this court granting Mr. Rofè relief from the automatic stay so that Mr. Rofè may proceed with that certain pre-petition Wyoming state court foreclosure action filed by Mr. Rofè against Debtor Dennis Meyer Danzik ("Debtor") and Debtor's wife, Elizabeth Jo Danzik ("Mrs. Danzik") (with Debtor and Mrs. Danzik collectively referred to as the "Danziks"), and the United States of America ("USA") in the District Court, Fifth Judicial District in and for Park County, Wyoming, as Civil Action No. 28770.  In support of this motion, Mr. Rofè states and alleges as follows:

    1.    On February 26, 2015, Mr. Rofè loaned the Danziks the principal amount of $750,000.00, as evidenced by the Promissory Note executed by the

1

Danziks in favor of Mr. Rofè on the same date (the "Note").  A copy of the Note is attached hereto as <u>Exhibit A</u> and made a part hereof by this reference.

2. On February 26, 2015, to secure their obligations under the Note, the Danziks further executed a Mortgage in favor of Mr. Rofè (the "Mortgage") (with the Note and Mortgage collectively referred to as the "Loan Documents"). The Mortgage granted Mr. Rofè a first priority security interest in real property owned by the Danziks commonly referred to as 1334 Sunset Blvd. South, Cody, Wyoming 82414, which is more particularly described in "Exhibit A" to the Mortgage, a copy of which is attached hereto as <u>Exhibit B</u> and made a part hereof by this reference (with the real property described therein referred to as the "Cody Home").

3. The Mortgage was duly recorded with the Park County Clerk and Recorder on March 3, 2015 as Document No. 2015-947.

4. On January 4, 2016, prior to the maturity date of the Note, Debtor filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Wyoming as Case No. 16-20002 (the "First Bankruptcy Case").

5. The First Bankruptcy Case continued until it was dismissed by this Court on March 8, 2017.

6. Following the dismissal of the First Bankruptcy Case, the Danziks failed to timely pay Mr. Rofè the full amount due to him under the Note.

7. On March 28, 2017, Mr. Rofè sent the Danziks a Notice of Default identifying the Danziks' breaches of the Loan Documents and the actions the Danziks must take to cure the same.

8. The Danziks failed to cure the defaults. As a result, Mr. Rofè accelerated all amounts due to him under the Loan Documents and default interest began to accrue at the rate of 20% per annum beginning on April 1, 2017.

9. On May 1, 2017, Mr. Rofè filed his Complaint against the Danziks in the District Court, Fifth Judicial District in and for Park County, Wyoming as Civil Action No. 28770 to enforce his rights under the Loan Documents, which included a request to foreclose on the Cody Home by judicial decree (the "Foreclosure Action").

10. On September 6, 2017, the USA recorded its Notice of Federal Tax Lien in the amount of $557,237.85 in the office of the County Clerk and Recorder in and for Park County, Wyoming as Document No. 2017-4476 (the "USA Tax Lien"), a copy of which is attached hereto as <u>Exhibit C</u> and made a part hereof by this reference.

11. The USA was subsequently made a party to the Foreclosure Action.

12. On December 6, 2017, Debtor again filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of

Wyoming as Case No. 17-20934 (the "Second Bankruptcy Case").

13. On June 6, 2018, this Court entered its Order Modifying Stay [Doc. 145] whereby it granted Mr. Rofè relief from the automatic stay so that he could proceed with the Foreclosure Action to the extent it concerned obtaining a money judgment against the Danziks and the Cody Home.

14. The Second Bankruptcy Case was dismissed by this Court on February 6, 2019.

15. After Mr. Rofè was granted relief from the automatic stay, but before the Second Bankruptcy Case was dismissed, Mr. Rofè had filed a Motion for Partial Summary Judgment (which was uncontested), the Danziks had filed a Motion to Enforce Settlement Agreement, and both parties had filed motions to determine the amount of Mr. Rofè's recoverable fees and costs in the Foreclosure Action.

16. A hearing on said pending motions in the Foreclosure Action was set for March 26, 2019, the disposition of which would have determined the amount of Mr. Rofè's money judgment against the Danziks, including his recoverable fees and costs, and authorized Mr. Rofè to proceed with foreclosing on the Cody Home. A copy of the Notice Of Setting On Motion Hearings in the Foreclosure Action is attached hereto as <u>Exhibit D</u> and made a part hereof by this reference.

17. However, on March 12, 2019, Debtor filed his voluntary Chapter 7

4

bankruptcy petition herein in the instant case (the "Third Bankruptcy Case").

18. Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay for cause, including the lack of adequate protection of an interest in property of a party in interest.

19. Sufficient grounds exist to modify the automatic stay as set forth herein pursuant to 11 U.S.C. §362(d)(1) for the following reasons:

    a. The property taxes for the Cody Home have gone unpaid since 2015, which has resulted in several property tax liens attaching to the property (collectively, the "Property Tax Liens"). As of April 12, 2019, the total payoff amount for the Property Tax Liens equals $35,896.56, with each of said liens continuing to accrue interest at the statutory rate. A printout provided by the Park County Treasurer's office which substantiates this amount is attached hereto as <u>Exhibit E</u> and made a part hereof by this reference.

    b. Mr. Rofè does not have and has not been offered adequate protection for his interest in the Cody Home from Debtor.

20. Pursuant to 11 U.S.C. § 362(d)(2), the Court shall grant relief from the automatic stay if the estate has no equity in the property, and such property is not necessary for an effective reorganization. Sufficient grounds exist to modify the automatic stay as set forth herein pursuant to 11 U.S.C. §362(d)(2) for the following reasons:

      a.    Pursuant to the Declaration of John Parsons, a local, licensed real estate agent in Cody, Wyoming, the estimated market value of the Cody Home is $1,190,000.00. The Declaration of John Parsons is attached hereto as <u>Exhibit F</u> and made a part hereof by this reference.

      b.    As of March 12, 2019, the date Debtor filed the Third Bankruptcy Case, the Danziks owed Mr. Rofè the entire unpaid principal balance of $750,000.00, plus accrued but unpaid interest at the rate of 15% per annum between February 27, 2016 and March 31, 2017 in the amount of $122,979.53, plus accrued but unpaid interest at the rate of 20% per annum between April 1, 2017 and March 11, 2019 in the amount of $292,192.56, plus Mr. Rofè's reasonable pre-petition attorney's fees and costs (the precise amount of which is yet to be determined), minus a $100,000.00 payment previously paid to Mr. Rofè. As such, even without factoring the amount of Mr. Rofè's reasonable pre-petition attorney's fees and costs that are recoverable, which will be substantial, as of March 12, 2019, the amount of the Danziks' debt to Mr. Rofè secured by the Mortgage on the Cody Home equaled $1,065,172.09.

      c.    The amount of the USA's lien on the Cody Home equals $557,237.85.

      d.    As of April 12, 2019, the amount of the Property Tax Liens against the Cody Home equaled $35,896.56.

      e.    As such, the estate has no equity in the Cody Home because the

Cody Home's estimated market value does not exceed the amount of all debts secured by liens on the Cody Home.

    f. Debtor does not conduct any business out of the Cody Home which is necessary to an effective reorganization.

  21. In the event the relief sought herein is granted by this Court and Mr. Rofè receives net proceeds from any resulting foreclosure sale which exceed the amount of his claim, Mr. Rofè will provide an accounting thereof to the Trustee and the Debtor.

  22. In support of the foregoing, Mr. Rofè has attached the Declaration of Richard S. Rofé as <u>Exhibit G</u> hereto, which is made a part hereof by this reference.

  23. Counsel for Mr. Rofè has communicated with counsel for the Debtor who has indicated he has no objection to the relief sought herein.

  WHEREFORE, Mr. Rofè prays that the Court enter an order substantially in the form submitted concurrently herewith, which modifies the automatic stay pursuant to 11 U.S.C. §362(d) to permit Mr. Rofè to proceed with the Foreclosure Action for purposes of allowing: (A) Mr. Rofè to obtain a money judgment against the Danziks for the amount owed to him under the Loan Documents (including a deficiency judgment, if necessary); and (B) allowing Mr. Rofè to enforce his security interest against the Cody Home. In the event Mr. Rofè receives net proceeds from any resulting foreclosure sale which

exceed the amount of his claim, Mr. Rofè shall provide an accounting thereof to the Trustee and the Debtor.

DATED this 13th day of June, 2019.

                                        RICHARD S. ROFÉ

                                      By: */s/ Nicholas M. Crandall*
                                      Nicholas M. Crandall, WSB #7-5144
                                      Bonner Law Firm, P.C.
                                      1102 Beck Avenue
                                      Cody, WY 82414
                                      (307) 586-4135
                                      nick@bonnerlawfirmpc.com

**NOTICE OF TIME TO OBJECT**

YOU ARE HEREBY NOTIFIED that if you desire to oppose this motion, you are required to file with this court and serve upon Nicholas M. Crandall, attorney for movant Richard S. Rofè, whose address is 1102 Beck Ave., Cody, Wyoming 82414, a written objection to the motion on or before June 30, 2019, or the relief requested may be granted by the court.

DATED this 13th day of June, 2019.

>RICHARD S. ROFÉ
>
>By: */s/ Nicholas M. Crandall*
>Nicholas M. Crandall, WSB #7-5144
>Bonner Law Firm, P.C.
>1102 Beck Avenue
>Cody, WY 82414
>(307) 586-4135
>nick@bonnerlawfirmpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2019, I caused a true and correct copy of the foregoing to be served upon the parties below as indicated:

| | |
|---|---|
| Dennis Danzik<br>1108 14th St.<br>Cody, WY 82414 | Via U.S. Mail |
| Ken McCartney<br>The Law Offices of Ken McCartney, P.C.<br>P.O. Box 1364<br>Cheyenne, WY 82003 | Via U.S. Mail |
| Randy L. Royal<br>P.O. Box 551<br>Greybull, WY 82426 | Via U.S. Mail |
| United States Trustee<br>308 West 21st Street, 2nd Floor<br>Cheyenne, WY 82001 | Via U.S. Mail |
| Elizabeth Danzik<br>1108 14th St.<br>Cody, WY 82414 | Via U.S. Mail |
| Dennis Wilenchik<br>Wilenchik & Bartness, PC<br>2810 N. 3rd Street<br>Phoenix, AZ 85004 | Via U.S. Mail |
| All other parties entitled to receive electronic notice | Via the Court's CM/ECF system |

*/s/ Joy M. Clemens*
Joy M. Clemens