Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

Jeffrey M. Eilender (*pro hac vice to be submitted*)
Bradley J. Nash (*pro hac vice to be submitted*)
Joshua D. Wurtzel (*pro hac vice to be submitted*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
bnash@schlamstone.com
jwurtzel@schlamstone.com

Attorneys for Creditors CWT Canada II Limited Partnership
and Resource Recovery Corporation

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>xxx-xx-1786<br><br>Debtor. | Case No. 19-20116<br>Chapter 7 |

**MOTION TO EXTEND DEADLINE TO OBJECT TO DISCHARGE OR
DISCHARGEABILITY OF DEBT**

Creditors CWT Canada II Limited Partnership ("CWT Canada") and Resource Recovery Corporation ("RRC") (the "CWT Parties") submit this *Motion to Extend Deadline to Objection to Discharge or Dischargeability of Debt* (the "Motion"), pursuant to Federal Rule of Bankruptcy Procedure 4004(b)(1) and 4007(c), and state as follows:

1. On December 6, 2017, Dennis Danzik ("Debtor") filed a Chapter 11 Voluntary Petition, starting Case No. 17-20934 (the "Chapter 11 Case").

2. On March 5, 2018, the CWT Parties filed a dischargeability action in the Chapter 11 Case, starting Adversary No. 18-02007 (the "Adversary"). *See* Complaint for Determination of Dischargeability of Debt and Objection to Discharge, *CWT Canada v. Danzik* (*In re Danzik*), Bankr. No. 17-20934, Adv. No. 18-02007, Doc. 1 (Bankr. D. Wyo. Mar. 5, 2018). The Adversary alleges claims against the Debtor under both 11 U.S.C. § 727 and 11 U.S.C. § 523.

3. On February 6, 2019, the Court dismissed the Chapter 11 Case, but retained jurisdiction over the Adversary. *See* Decision Memorandum on CWT's Motion to Dismiss, *In re Danzik*, Bankr. No. 17-20934, Doc. 201 (Bankr. D. Wyo. February 6, 2019).

4. On March 12, 2019, Debtor filed a Chapter 7 Voluntary Petition, starting this case (the "Present Case"). [Doc. 1.] The first date set for the meeting of creditors was April 16, 2019. [Doc. 6.] The 341 meeting has been continued twice, and the 341 meeting is now set for June 25, 2019. [Doc. 68]

5. On March 18, 2019, the Court entered summary judgment in the Adversary. *See* Memorandum Decision and Order Granting in Part and Deny in Part, CWT Parties' Motion for Partial Judgment, *CWT Canada v. Danzik* (*In re Danzik*), Bankr. No. 17-20934, Adv. No. 18-02007, Doc. 38 (Bankr. D. Wyo. Mar. 18, 2019) (hereinafter the "Adversary Judgment"). In the Adversary Judgment, the Court ordered, among other things, that "Danzik's debt to the CWT Parties, as provided in the [New York] Judgment is not dischargeable as a matter of law under Section 523(a)(2) and (a)(6)." *Id.* at 10.

6. On March 27, 2019, Debtor filed his Notice of Appeal and Statement of Election, in which he gave notice that he was appealing the Adversary Judgment to the United States District Court for the District of Wyoming. *See* Notice of Appeal and Statement of Election, Bankr. No. 17-20934, Adv. No. 18-02007, Doc. 40 (Bankr. D. Wyo. Mar. 27, 2019) (hereinafter, the "Notice of Appeal"). This appeal is currently pending.

7. Although the Court has ruled on nondischargeability in the Chapter 11 Case with respect to the debt owed to the CWT Parties, that ruling is on appeal. If affirmed, it will be binding on the Debtor in the Present Case (and presumably, the CWT Parties will dismiss their remaining claims against the Debtor in the Adversary and the Adversary will be closed). However, if the Adversary Judgment is reversed, the Adversary will recommence (because the Court retained jurisdiction to hear the matter) and continue toward an eventual trial.

8. If the CWT Parties are unsuccessful on appeal, the CWT Parties believe that a new adversary, in the Present Case, may be more efficient to pursue than recommencing the Adversary considering that the underlying base case (the Chapter 11 Case) has now been dismissed. Stated otherwise, filing a new adversary proceeding in the Present Case may be necessary to avoid procedural gymnastics, and be the preferable avenue to pursue, if the CWT Parties do no prevail on appeal.

9. Further, it is uncertain if the pending Adversary, which also asserts a claim under 11 U.S.C. § 727(a)(3), will prevent a discharge from being entered in the Present Case absent the filing of this Motion. Clearly, there is no benefit to filing a new adversary

proceeding at this point in time in the Present Case. The entry of discharge may prejudice the rights of the CWT Parties absent granting the relief requested herein.

10. In sum, the CWT Parties file this Motion to ensure that, if the Adversary Judgment is reversed on appeal, and the CWT Parties' preference is to initiate a new adversary proceeding in the Present Case versus recommencing the Adversary related to the Chapter 11 Case, the CWT Parties will have the ability to do so, at their option.

11. Pursuant to Fed. R. Bankr. P. 4007(c), "a complaint to determine the dischargeability of a of a of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Further, "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subsection." *Id*. The requirement is that the motion be filed before the time has expired. *Id*.

12. Pursuant to Fed. R. Bankr. P. 4004(a), "[i]n a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Further, "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired." Fed. R. Bankr. P. 4004(b)(1).

13. Because this Motion is being filed "no later than 60 days after the first date set for the meeting of creditors", it is timely.

14.     "Neither the Bankruptcy Code nor the Bankruptcy Rules define 'cause,' and the determination is committed to the bankruptcy court's discretion." *Banco Cooperativo de P.R. v. Herrera* (*In re Herrera*), 589 B.R. 444, 452 (B.A.P. 1st Cir. 2018).

15.     Here, there is "cause" to extend the deadline to object to Debtor's discharge (or dischargeability of debt) based on the pending appeal, and the Debtor's filing of a new case. This motion simply preserves the right to file such an adversary, if deemed appropriate after the conclusion of the appeal (and any subsequent appeal).

16.     Accordingly, the CWT Parties ask the Court to extend the deadline to object to Debtor's discharge under 11 U.S.C. § 727, and to object to individual debts under 11 U.S.C. § 523, until 30 days after the appeal of the Adversary Judgment is final, which would include any subsequent appeals or petitions for certiorari. During the 30-day window after the appeal is final (and only in the event that the Adversary Judgment is reversed), the CWT Parties will determine if it is more prudent to recommence the Adversary, or initiate a new adversary proceeding in the Present Case.

## CONCLUSION

**WHEREFORE**, the CWT Parties ask the Court to extend the deadline to object to Debtor's discharge under 11 U.S.C. § 727, and to object to individual debts under 11 U.S.C. § 523, until 30 days after the appeal of the Adversary Judgment is final, which would include any subsequent appeals or petitions for certiorari.

Dated: Cheyenne, Wyoming
June 17, 2019

Respectfully submitted,

**CWT Canada II Limited Partnership and**

{Z0275026/1 }                                                       5

**Resource Recovery Corporation,** *Creditors and Movants*

*By: /s/ Bradley T. Hunsicker*
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on June 17, 2019 *electronically,* via the Court's CM/ECF system upon the following parties who have entered their appearance in the above-captioned matter.

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

*/s/ Bradley T. Hunsicker*
Bradley T. Hunsicker