Bradley T. Hunsicker (Wyo. Bar 7-4579)
MARKUS WILLIAMS YOUNG & HUNSICKER LLC
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

Jeffrey M. Eilender (*pro hac vice to be submitted*)
Bradley J. Nash (*pro hac vice to be submitted*)
Joshua D. Wurtzel (*pro hac vice to be submitted*)
SCHLAM STONE & DOLAN LLP
26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
bnash@schlamstone.com
jwurtzel@schlamstone.com

Attorneys for Creditors CWT Canada II Limited Partnership
and Resource Recovery Corporation

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>xxx-xx-1786<br><br>Debtor. | Case No. 19-20116<br>Chapter 7 |

## OBJECTION TO MOTION FOR STAY PENDING APPEAL

Creditors CWT Canada II Limited Partnership ("CWT Canada") and Resource Recovery Corporation ("RRC") (the "CWT Parties") submit this *Objection to Motion for Stay Pending Appeal* (the "Objection"), and state as follows:

### BACKGROUND

1. On March 12, 2019, Debtor Dennis Meyer Danzik ("Debtor") filed a Chapter 7 Voluntary Petition, starting this case.  [Doc. 1]

{Z0277292/1 }    1

2. On March 20, 2019, the CWT Parties filed their Motion to Dismiss Case, with Prejudice (the "Motion to Dismiss"). [Doc. 13.]

3. On April 10, 2019, Debtor filed Debtor's Response to the CWT Parties' Motion to Dismiss the Above Described Chapter 7 Proceeding. [Doc. 36.]

4. On April 26, 2019, the CWT Parties filed their Reply to Debtor's Response to Motion to Dismiss Chapter 7 Case, with Prejudice. [Doc. 52.]

5. On May 15, 2019, the Court held an "Evidentiary hearing on CWT Canada II Limited Partnership and Resource Recovery Corporation's Motion to Dismiss Chapter 7 Case, With Prejudice (ECF No. 13), the Debtor's response (ECF No. 36), and CWT's reply (ECF No. 52)." [Doc. 65.] The Court took the matter under advisement. *Id.*

6. On June 24, 2019, the Court entered its Decision Memorandum on Motion to Dismiss Chapter 7 Case with Prejudice (the "Ruling"). [Doc. 77.] In the Ruling, the Court found that Debtor filed this Chapter 7 in bad faith. *Id.* at 13. The Court agreed

> with those cases finding a debtor's bad faith conduct warrant a filing injunction when a debtor's conduct is defiant and prejudicial to creditors or abusive. Debtor has manipulated the bankruptcy system and used it as his own personal shield from creditors' collection efforts. Debtor's conduct is sufficiently evasive, defiant, and abusive to dismiss the case with prejudice.

*Id.* Accordingly, the Court entered judgment dismissing the case with prejudice and barring Debtor from refiling a bankruptcy case for 180 days (the "Judgment"). [Doc. 78.]

7. On June 25, 2019, Chapter 7 Randy L. Royal (the "Trustee") filed Chapter 7 Trustee's Report of No Distribution, which said that he "neither received any property nor paid any monies on account of this estate" (the "Trustee's Report") [Doc. 79.]

8. On June 27, 2019, Debtor filed his Notice of Appeal and Statement of Election (the "Notice of Appeal"). [Doc. 82.] In the Notice of Appeal, Debtor identified the subject of the appeal as the Ruling and the Judgment. *Id.* at 2.

9. That same day, Debtor filed his Motion for An Order Staying the Estate Pending Appeal of the Order Dismissing Chapter 7 Case with Prejudice (the "Motion"). [Doc. 84.] In the Motion, the Debtor asks the Court to enter an order "staying the disbursement of any collected or collectable estate during the period of the appeal so as to preserve such assets as there may be for disbursement by further appropriate order of this court." *Id.* at 1. Debtor also stated that he believes that no bond is necessary. *Id.*

10. The CWT Parties file this Objection to show the Court why it should deny the Motion. First, Debtor asks the Court to stay dismissal to preserve assets for distribution to creditors, but the Chapter 7 Trustee has already filed his final report, which stays that he received no property and made no distributions. Second, Debtor does not provide anything to show that a stay is warranted under four relevant factors for a stay pending appeal. It is Debtor's burden to make such a showing. Finally, even if the Court addresses these four factors, all of them weigh in favor of denying the Motion: Debtor has no likelihood of success on the merits of his appeal; Debtor will not suffer irreparable harm without a stay; creditors would be substantially harmed by a stay; and, the public interest would not be served by a stay. The Court should deny the Motion. Further, if the Court determines that a stay is warranted, it should be conditioned on Debtor posting a bond in an amount no less than $30,000,000.

## AUTHORITY AND ARGUMENT

11. "A stay pending appeal temporarily suspends proceedings or the effect of a judgment." *Lofstedt v. Kendall* (*In re Kendall*), 510 B.R. 356, 359 (Bankr. D. Colo. 2014). "A stay pending appeal is an extraordinary remedy," *In re 160 Royal Palm, LLC*, No. 18-19441-EPK CHAPTER 11, 2019 Bankr. LEXIS 920, at *10 (Bankr. S.D. Fla. Mar. 14, 2019) (internal quotation marks omitted) (quoting *Woide v. Fannie Mae* (*In re Woide*), 730 F. App'x 731, 737 (11th Cir. 2018), and "should be sparingly employed and reserved for the exceptional situation." *In re Frantz*, 534 B.R. 378, 386 (Bankr. D. Idaho 2015) (quoting *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980)).

12. Federal Rule of Bankruptcy Procedure 8007 governs stays pending appeal.[1] It provides that

> [o]rdinarily, a party must move first in the bankruptcy court for the following relief:
>
> (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;
>
> (B) the approval of a bond or other security provided to obtain a stay of judgment;
>
> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending . . . .

Fed. R. Bankr. P. 8007(a).

---

[1] Note that "[u]p to December 1, 2014, Rule 8005 governed requests for a stay pending appeal." *In re Frantz*, 534 B.R. 378, 385 n.14 (Bankr. D. Idaho 2015). Authorities interpreting and applying Rule 8005 continue to apply to Rule 8007. *See id.* ("The Court has not been presented with anything to suggest that . . . the authorities relevant to former Rule 8005 are not similarly applicable to current Rule 8007.")

{Z0277292/1}                                                4

13. The Tenth Circuit Bankruptcy Appellate Panel has held that

The factors to be considered in determining whether to grant a stay pending appeal are:

(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.

*Abengoa Bioenergy Biomass of Kan., LLC v. ICM, Inc.* (*In re Abengoa Bioenergy Biomass of Kan., LLC*), No. KS-16-012, 2016 Bankr. LEXIS 2288, at *5–6 (B.A.P. 10th Cir. May 16, 2016). "Factors one and two—likelihood of success and irreparable harm—are the most critical." *In re Sandia Resorts, Inc.*, No. 15-11532 t11, 2017 Bankr. LEXIS 778, at *11 (Bankr. D.N.M. Mar. 21, 2017).

14. "Debtor, as the moving party, bears the burden of establishing by a preponderance of the evidence that he is entitled to the stay. [A] court's decision to [grant or] deny a [stay pending appeal] is highly discretionary." *In re Gilbert*, 541 B.R. 415, 418-19 (Bankr. E.D. Mich. 2015) (citations and internal quotation marks omitted) (alterations in original); *see also In re Sandia Resorts, Inc.*, 2017 Bankr. LEXIS 778, at *11 ("[T]he movant, has the burden of demonstrating the factors weigh in his favor.").

15. Here, the Motion does not address these factors. Debtor simply states that the Court should grant the Motion "so as to preserve such assets as there may be for disbursement by further appropriate order of this court. Failing which the issues of estate distribution may become moot during the pendency of the appeal." The Motion at 1. Debtor provides no other argument, analysis, or authority to support the Motion.

16. As an initial matter, the Trustee filed his final report in this case and stated that he did not receive any property or distribute any property. Accordingly, Debtor's statement that there is property for distribution to creditors in this Chapter 7 case that will be dissipated or otherwise unavailable without a stay is wrong. The Trustee's Report in this case undercuts this statement. Because the Motion's sole basis for relief is inconsistent with the record in this case, the Motion is deficient on its face, and should be denied.

17. Moreover, Debtor has not alleged, much less shown, that (1) he has any likelihood of success on the merits; (2) he will suffer irreparable harm without a stay; (3) granting the stay will not cause substantial harm to creditors; or (4) a stay is in the public interest. In short, the Motion simply asks for a stay based on the fact that, without a stay, collection actions will likely proceed during the pendency of the appeal. This is insufficient to meet Debtor's "heavy burden" under Rule 8007. *See In re Rain Tree Healthcare of Winston Salem, LLC*, No. 17-50375, 2017 Bankr. LEXIS 4511, at *6 (Bankr. M.D.N.C. July 5, 2017) ("[T]he burden on the movant seeking the extraordinary relief of a stay is a 'heavy' one."); *In re Frantz*, 534 B.R. 378, 385-86 (Bankr. D. Idaho 2015) ("The movant seeking a stay pending appeal thus bears a heavy burden."). The Court should deny the Motion based on Debtor's failure to meet his burden or otherwise provide the Court with any reason to grant the extraordinary relief he seeks.

18. Even if the Court proceeds to the merits and addresses the four factors, the Court should deny the Motion. Under the first factor, Debtor has presented nothing to show a possibility, much less likelihood, of success on the merits. In fact, this Court's thoroughly reasoned Ruling shows why Debtor will certainly lose on appeal. Second,

{Z0277292/1 }    6

Debtor has not alleged, much less shown, that he will suffer irreparable injury without a stay. Third, creditors will suffer substantial harm through continued delay if the Court grants a stay. Finally, the public interest would not be served by staying the Court's dismissal of this case. The Court should deny the Motion.

### I. Debtor has no possibility of success on the merits.

19. The first factor requires the movant to show a strong probably of success on the merits of his appeal. "It is not enough that the likelihood of success on the merits is 'better than negligible,' or a mere 'possibility.' The movant must show that it has a 'substantial' or 'strong' case on appeal." *In re Holman*, No. 11-13418, 2017 Bankr. LEXIS 1954, at *5 (Bankr. D. Kan. July 14, 2017). Where a debtor provides no authority or analysis to make such a showing, the first factor weighs strongly in favor of denying the stay. *In re Gilbert*, 541 B.R. at 419 ("Debtor's good faith belief that he will prevail on the merits of the appeal, without more, is insufficient. Debtor's Stay Motion does not cite any specific cases, statutes, or rules which support his position. . . . Thus, the first stay factor weighs strongly against granting a stay pending appeal.").

20. Because the first factor is the most important factor, a failure to show a possibility of success on appeal is fatal, even if the other factors weigh in favor of a stay. "Even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *In re Gilbert*, 541 B.R. at 419 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)); *see also In re Catholic Sch. Emples. Pension Tr.*, No. 18-00108 (ESL), 2018 Bankr.

{Z0277292/1}  7

LEXIS 912, at *6 (Bankr. D.P.R. Mar. 28, 2018) (internal quotation marks omitted) (alteration in original) ("The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.").

21. Here, Debtor has provided nothing to show even a possibility of success on the merits. The Motion provides no analysis or authority that would raise a "serious question going to the merits" of his appeal. As the cases cited above show, Debtor must provide something to show that his arguments have a possibility of success before the higher court. He has not done so. To the extent that Debtor would argue his arguments before this Court on the Motion to Dismiss make this showing, he is wrong. The showing required by the first factor is not met by simply repeating arguments previously made. *In re Bullock*, No. 14-40875, 2019 Bankr. LEXIS 1802, at *6 (Bankr. S.D. Ill. June 12, 2019) (internal quotation marks omitted) ("[M]ere repetition of the movant's prior arguments is insufficient to satisfy this requirement."). "[T]he movant must provide 'new information, authority or analysis to persuade the Court to reconsider its [prior] decision.'" *Id.* (quoting *In re Special Proceedings*, 840 F. Supp. 2d 370, 373 (D.D.C. 2012)).

22. In fact, Debtor has not addressed this factor at all, much less provided "new information, authority, or analysis" to persuade this Court why the Ruling was wrong. Because Debtor has not shown "serious questions going to the merits," the first factor weighs in favor of denying the Motion.

23. This becomes even clearer when considering this Court's 14-page Ruling on the Motion to Dismiss. In the Ruling, the Court set out in detail the Debtor's history before this Court and the evidentiary and legal basis for the Court's finding that he filed this case

in bad faith and that dismissal was appropriate. The analysis in the Ruling is sound and sets out the substantial factual record and legal authority supporting its conclusions. This Ruling is the best evidence that the first factor weighs against a stay. The reasoning in the Ruling leaves no room for doubt—Debtor will lose on appeal. The Court is fully aware of the factual and legal basis for the relief that it entered in the Ruling and is now in the best position to assess the likelihood of Debtor's success on the merits. Thus, when weighed against this Court's analysis set out in the Ruling, the Motion's deficiencies become even more apparent.

24. Finally, this factor becomes unassailable when considering that the higher court will employ the "abuse of discretion" standard when reviewing this Court's Ruling. *See Franco v. U.S. Tr.* (*In re Franco*), No. CC-15-1281-KiTaL, 2016 Bankr. LEXIS 2185, at *7 (B.A.P. 9th Cir. June 2, 2016) ("The decision to dismiss a bankruptcy case with prejudice and impose a filing bar is reviewed for abuse of discretion."). When assessing the likelihood of success on appeal, it is appropriate and necessary for the Court to consider the applicable standard of review. *See In re Frantz*, 534 B.R. 378, 386 (Bankr. D. Idaho 2015) ("An appellant's likelihood of success on appeal depends in large part on the standard of review."); *In re McInerney*, 490 B.R. 540, 546 (Bankr. E.D. Mich. 2013) ("This abuse of discretion standard of review is a very difficult standard for Debtor to overcome, if he is to succeed on appeal . . . ."). In order to succeed under the "abuse of discretion" standard, Debtor will have to persuade the higher court that this Court applied the "wrong legal standard" or that its findings were "illogical, implausible or without support in the

{Z0277292/1} 9

record." *See id.* ("The bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record.").

25. As the cases above show, where an appellant provides nothing to show that he will succeed on appeal—and when record shows, as in this case, no possibility of success—the request for a stay pending appeal must be denied. Even if the Court proceeds to address the remaining factors, all of them weigh against a stay.

## II. Debtor will not suffer irreparable harm without a stay.

26. Debtor does not allege that he will suffer irreparable harm without a stay. Debtor's only allegation supporting his request for a stay is preservation of assets. As discussed above, this basis is unsupported because the Trustee has already filed his final report of no distribution. Even if this were a valid basis, however, it does not show irreparable harm: "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *In re Gilbert*, 541 B.R. 415, 419 (Bankr. E.D. Mich. 2015) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

27. Here, at most, the harm to Debtor will be such injury in terms of "money, time, and energy," which do not constitute "irreparable harm." Because Debtor provides nothing to show that he will suffer harm, much less "irreparable harm," without a stay, the second factor weighs against a stay.

28. Because both the first factor and the second factor weigh against a stay, the Court need not proceed to the third and fourth factors. *See In re Bullock*, 2019 Bankr. LEXIS 1802, at *13 n.5 ("Because the Debtor has failed to establish both that he is likely

to succeed on appeal or that he will be irreparably harmed if a stay is not granted, the Court is not required to conduct further analysis as to the remaining factors."). If the Court does consider the third and fourth factors, they also weigh in favor of denying the Motion.

### III.　Creditors will be substantially harmed if the Ruling is stayed.

29.　Debtor's burden is not limited to the first two factors. Debtor also has the burden to show that other parties will not be substantially harmed if a stay is imposed. *See id.* at *13 ("[I]t is incumbent upon the Debtor, as the movant, to show that no other parties will be substantially harmed if a stay is imposed."). Because the Motion also fails to address this third factor, the Court should find that it weighs against a stay.

30.　Even if the Court considers the merits of the third factor, however, it also weighs in favor of denying the Motion. This case is like *In re Gilbert*, where the court found that stay of dismissal would substantially harm creditors by delaying them from enforcing their rights against a debtor who had filed multiple bankruptcy cases:

> A stay pending appeal would unduly delay Debtor's creditors, including the judgment creditor who allegedly is garnishing Debtor's wages, from exercising their rights under state law to collect their debts. The Debtor, on the other hand, has already had the benefit of the bankruptcy automatic stay four different times, which gave him multiple lengthy breathing spells from paying his debts by filing for bankruptcy relief under Chapter 7 in this case, and in three prior cases.

*In re Gilbert*, 541 B.R. at 420.

31.　This analysis applies here. Like the debtor in *In re Gilbert*, Debtor has enjoyed protection from his creditors during multiple bankruptcy cases over the course of three and a half years. A stay of the dismissal would simply continue his efforts to delay his creditors' rights and "[t]his added expense and delay negatively impacts all parties that

have claims against the Debtor's estate." *Medhigabayzadeh v. Shubert* (*In re Am. Tissue, Inc.*), No. 01-10370-KG, 2015 U.S. Dist. LEXIS 41089, at *12 (D. Del. Mar. 31, 2015) (finding substantial injury to other parties under the third factor). As the Court found in *In re Gilbert*, continued delay would substantially harm creditors. Creditors have already endured Debtor's three bankruptcy filings—the third factor weighs against a stay.

**IV.     The public interest is not served by staying the Ruling.**

32.     Fourth, Debtor's continued delay of collection actions against him is not in the public interest: "The public interest is not served by affording this Debtor another opportunity to delay her creditors and the Trustee from legitimate efforts to collect the debts Debtor owes pursuant to various judgments and orders of multiple courts." *Taylor v. Winnecour* (*In re Taylor*), 450 B.R. 577, 580 (Bankr. W.D. Pa. 2011); *see also in re In re Gilbert*, 541 B.R. at 420 ("[T]he third and fourth stay factors . . . weigh against granting a stay pending appeal. A stay pending appeal would unduly delay Debtor's creditors[.]").

33.     Instead, the public interest is served by promptly paying creditors. *In re Kearney*, No. 17-12274-t11, 2018 Bankr. LEXIS 3035, at *18 (Bankr. D.N.M. Oct. 1, 2018) ("Prompt payment of creditors also is a public interest."); *In re Sandia Resorts, Inc.*, No. 15-11532 t11, 2017 Bankr. LEXIS 778, at *12 (Bankr. D.N.M. Mar. 21, 2017) ("[T]he public interest in upholding the integrity of judicial sales and paying creditors outweighs any interest an out-of-possession principal has in retaining control over the debtor's assets."). Although debtors have a right to seek protection from creditors through bankruptcy, Debtor in this case has abused that right. As the Court noted,

Document      Page 13 of 16

> Debtor has not changed his conduct since he filed his First Case over three and one-half years ago. Despite this court's findings on at least two occasions that Chapter 7 was not in the best interest of creditors, Debtor filed this Chapter 7 case where again the parties are in limbo with no movement on this case. This dismissal has no meaning if he can simply re file the very next day or month without any meaningful change in circumstances.

The Ruling at 13.

34. Similarly, the Court's Ruling will have no meaning if dismissal is stayed. Debtor will continue to enjoy protection from creditors even after the Court found that he has abused such protection for years. As the cases cited above have found, continuing to delay creditors from enforcing their rights works substantial harm on them and is not in the public interest. Further, a stay pending appeal of a Ruling in which the Court found that Debtor filed the case in bad faith and manipulated the bankruptcy system to delay his creditors' rights would undermine the integrity of the judicial system. The Court should find that a stay in this case is not in the public interest and deny the Motion.

35. Because all four factors weigh against staying the dismissal of this case pending Debtor's appeal, the Court should deny the Motion.

**V.     If the Court stays the Ruling, it should condition the stay on Debtor posting a bond.**

36. If the Court grants the Motion and stays dismissal pending appeal, it should condition the stay on Debtor positing a bond. "Bankruptcy Rule 8007 provides that the Court may condition the issuance of a stay upon the furnishing of a supersedeas bond or other appropriate security." *In re Simpson*, No. 17-10442, 2018 Bankr. LEXIS 1211, at *37 (Bankr. D. Vt. Apr. 23, 2018); *In re 160 Royal Palm, LLC*, No. 18-19441-EPK CHAPTER 11, 2019 Bankr. LEXIS 920, at *9 (Bankr. S.D. Fla. Mar. 14, 2019) ("If a stay

pending appeal is warranted, the Court may condition the stay on the posting of "a bond or other security."). "The Court has discretion in determining the sufficiency of the supersedeas bond and the adequacy of the surety." *In re Roussos*, No. 2:15-bk-21624-ER, 2017 Bankr. LEXIS 389, at *18 (Bankr. C.D. Cal. Feb. 10, 2017). "[W]here the movant seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement." *In re Simpson*, 2018 Bankr. LEXIS 1211, at *38 (internal quotation marks omitted) (quoting *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016)).

37. Here, Debtor provides nothing to show why the Court should not require him to post a bond. The Motion simply states that he "believes no bond [is] necessary for this request." The Motion at 1. This statement is insufficient to show "why the court should deviate from the ordinary full security requirement." Moreover, based on the analysis of the four factors set out above, even if the Court finds that a stay is warranted, it should require a bond. A bond would provide security for creditors who would be substantially harmed by the stay during Debtor's futile appeal of the Court's Ruling. If the Court determines that a stay is warranted, it should require Debtor to follow the "ordinary full security requirement" and post a bond.

38. The CWT Parties submit that the proper bond amount is the total prepetition claims against Debtor, plus a cushion for the interest on those claims. In the context of a money judgment, the bond amount is usually set "well in excess" of the judgment amount. *In re Roussos*, 2017 Bankr. LEXIS 544, at *6 ("[W]hen courts require a party to post a bond to stay the execution of a money judgment, the amount of the bond is typically set

well in excess of the amount of the judgment, in order to protect the prevailing party."). Specifically, "a bond of 1.25 to 1.5 times the judgment is typically required." *Id.*

39. In the context of case dismissal, the proper bond amount is a debtor's prepetition liabilities:

> The $400,000 represents an amount estimated as sufficient to pay Debtor's scheduled prepetition liabilities of $216,923.70, the as yet unawarded sanctions against her pending in the action before the U.S. District Court for the Western District of Pennsylvania, and postpetition counsel fees for Debtor's attorneys that, at the rate incurred so far, will probably exceed $50,000.

*Taylor v. Winnecour* (*In re Taylor*), 450 B.R. 577, 580–81 (Bankr. W.D. Pa. 2011). In that case, the court denied the debtor's motion to dismiss and conditioned a stay of that denial on debtor posting a bond in the amount of the sum of her prepetition claims. *Id. passim*.

40. If the Court finds that a stay pending appeal is warranted in this case, it should follow *In re Taylor* and condition the stay on Debtor posting a bond in the amount of the Debtor's prepetition liabilities. Based on Debtor's schedules, this amount is $24,257,791.99. [Doc. 1 at 8.] Thus, based on the above authority, the CWT Parties submit that, if the Court enters a stay pending appeal, it should condition the stay on Debtor posting a bond of $30,322,239.99, which is 1.25 times Debtor's total prepetition liabilities.

## CONCLUSION

**WHEREFORE**, the CWT Parties ask the Court to deny the Motion.

**FURTHER**, if the Court enters a stay pending appeal, it should condition the stay on Debtor posting a bond of $30,322,239.99.

Dated: Cheyenne, Wyoming
July 2, 2019

{Z0277292/1 }                                    15

Respectfully submitted,

CWT Canada II Limited Partnership and Resource Recovery Corporation, *Creditors and Movants*

<u>By: /s/ Bradley T. Hunsicker</u>
Bradley T. Hunsicker, #7-4579
MARKUS WILLIAMS YOUNG & HUNSICKER LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on July 2, 2019, *electronically,* via the Court's CM/ECF system upon the following parties who have entered their appearance in the above-captioned matter.

Ken McCartney
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

/s/ Bradley T. Hunsicker
Bradley T. Hunsicker

{Z0277292/1 }                     16