FILED

11:01 am, 7/24/19

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DENNIS MEYER DANZIK | ) | Case No.  19-20116 |
| | ) | Chapter 7 |
| Debtor(s). | ) | |

## ORDER DENYING DEBTOR'S MOTION FOR AN ORDER
## STAYING PENDING APPEAL

This matter is before the court on Debtor Dennis Danzik's *Motion for an Order Staying the Estate Pending Appeal of the Order Dismissing Chapter 7 Case with Prejudice* and the Objection filed by Creditors CWT Canada II Limited Partnership (CWT Canada) and Resource Recovery Corporation (RRC) (collectively known as the CWT Parties). After examining the record, the court determined that a hearing would not materially assist in determining this matter, and therefore considers it without hearing.

Debtor seeks a stay pending appeal staying the "disbursement of any collected or collectable estate during the appeal period." Debtor asserts failure to stay distribution, will result in any potential distribution from the bankruptcy estate may becoming moot.

The relevant factors considered for a stay pending appeal are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.[1] Debtor bears the burden of establishing by a preponderance of the evidence that he is entitled to the stay.[2] The court's decision granting or denying a stay pending appeal is highly discretionary.[3]

---

[1] *Abengoa Bioenergy Biomass of Kan., LLC v. ICM, Inc. (In re Abengoa Bioenergy Biomass of Kan., LLC)*, Case No. 16-10446, 2016 WL 2726643, at *1-2 (Bankr. D. Kan., May 6, 2016); see also *In re Sandia Resorts, Inc.*, No. 15-11532 t11, 2017  WL 1067749, at *4 (Bankr. D. N.M. Mar. 21, 2017) ("Factors one and two—likelihood of success and irreparable harm—are the most critical.") *In re Sandia Resorts, Inc.*, No. 15-11532 t11, 2017 WL 1067749, at *4 (Bankr. D. N.M. Mar. 21, 2017).

[2] *In re Gilbert*, 541 B.R. 415, 418-19 (Bankr. E.D. Mich. 2015).

[3] *Id.*

As Debtor did not address any of the factors, he failed to establish the elements for a stay pending appeal. Therefore,

IT IS ORDERED Debtor's motion is DENIED.

BY THE COURT

_____ 7/24/2019
Honorable Cathleen D. Parker
United States Bankruptcy Court
District of Wyoming